ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
DOUGLAS F. McCORMICK (180415)
Assistant United States Attorney
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3541
     Facsimile: (714) 338-3564
     E-mail:   doug.mccormick@usdoj.gov

CHARLES E. DUROSS, Acting Chief
ANDREW GENTIN, Trial Attorney
Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue, N.W.
     Washington, DC 20005
     Telephone: (202) 353-3551
     Facsimile: (202) 514-0152
     E-mail:   andrew.gentin@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SA CR 09-00077-JVS |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S STATUS REPORT |
| | ) | |
| v. | ) | Hearing Date and Time: |
| | ) | July 7, 2010 |
| STUART CARSON et al., | ) | 9:00 a.m. |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

     Plaintiff United States of America, by and through its

attorneys of record, the United States Department of Justice,

Criminal Division, Fraud Section, and the United States Attorney

for the Central District of California (collectively, "the

1 government"), hereby files its Status Report in this matter.  The

2 government's Status Report is attached.

3 DATED: June 30, 2010          Respectfully submitted,

4                               ANDRÉ BIROTTE JR.
                                United States Attorney
5
                                DENNISE D. WILLETT
6                               Assistant United States Attorney
                                Chief, Santa Ana Branch Office
7
                                DOUGLAS F. McCORMICK
8                               Assistant United States Attorney

9                               CHARLES E. DUROSS, Acting Chief
                                ANDREW GENTIN, Trial Attorney
10                              Fraud Section, Criminal Division
                                United States Department of Justice
11
                                /s/
12                              _____
                                DOUGLAS F. McCORMICK
13                              Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**STATUS REPORT**

At the previous status conference in this matter on May 24, 2010, the Court indicated that it would require the government to limit its evidence at trial to less than the 236 payments referenced in the Indictment in paragraph 14, which alleged that "approximately $6.85 million in total improper payments were made in approximately 236 payments in over thirty countries and resulted in net profits to [CCI] of approximately $46.5 million from the sales related to those corrupt payments." Indictment ¶ 14. The Court requested that the government submit its proposal identifying which of the 236 payments it would seek to prove. In response, the government submits the following two proposals.

**Proposal #1.** Through the introduction of documentary evidence and testimony, the Government would seek to prove that 16 payments were actually made, i.e., the payments alleged in Paragraph 31 of the Indictment as Overt Act Numbers 1 through 59 ("the charged payments"). The Government would not seek to prove through the introduction of documentary evidence that the other 220 payments identified in the indictment were actually made. However, subject to the general restrictions of the Federal Rules of Evidence, the Government's witnesses could testify about conversations and other interactions with the defendants and other alleged co-conspirators related to the topic of improper payments, and the Government would seek to introduce relevant documentary evidence, because such payments are admissible in that they are intrinsic to the conspiracy charge and also are admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**Proposal #2.** Through the introduction of documentary evidence and testimony, the Government would seek to prove at trial the charged payments and payment numbers 26, 27, 31, 33, 36, 37, 40, 50, 52, 56, 61, 62, 64, 71, 74, 84, 85, 88, 89, 103, 104, 105, 114, 127, 132, 145, 146, 150, 152, 157, 159, 164, 165, 166, 167, 170, 171, 172, 174, 175, 177, 178, 183, 184, 185, 186, 189, 191, 192, 207, 208, 212, 223, 224, 227, 228, 230, 231, and 232 on the Bill of Particulars chart. The Government would not seek to prove through the introduction of documentary evidence that the other approximately 161 payments identified in the indictment were actually made. However, subject to the general restrictions of the Federal Rules of Evidence, the Government's witnesses could testify about conversations and other interactions with the defendants and other alleged co-conspirators related to the topic of improper payments, and the Government would seek to introduce relevant documentary evidence, because such payments are admissible in that they are intrinsic to the conspiracy charge and also are admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.