NICOLA T. HANNA, SBN 130694, nhanna@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: (949) 451-3800/Facsimile: (949) 451-4220
Attorneys for Defendant STUART CARSON

KIMBERLY A. DUNNE, SBN 142721, kdunne@sidley.com
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000/Facsimile: (213) 896-6600
Attorneys for Defendant HONG CARSON

THOMAS H. BIENERT, JR., SBN 135311, tbienert@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700/Facsimile: (949) 369-3701
Attorneys for Defendant PAUL COSGROVE

DAVID W. WIECHERT, SBN 94607, dwiechert@aol.com
LAW OFFICES OF DAVID W. WIECHERT
115 Avenida Miramar
San Clemente, CA 92672
Telephone: (949) 361-2822/Facsimile: (949) 496-6753
Attorneys for Defendant DAVID EDMONDS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STUART CARSON, et al.,<br><br>Defendants. | Case No. SA CR 09-00077-JVS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPT OR, IN THE ALTERNATIVE, FOR IN CAMERA REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  August 12, 2011<br>Hearing Time:  1:30 p.m.<br>Courtroom:      10C (Hon. James V. Selna)<br>Trial Date:        June 5, 2012 |

1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendants Stuart Carson, Hong "Rose" Carson, Paul Cosgrove, and David Edmonds (collectively "Defendants") hereby Reply to the Government's Opposition to Defendants' Motion for Disclosure of Grand Jury Transcript, or, In the Alternative for In Camera Review in this matter pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). This Reply is based on the attached Memorandum of Points and Authorities, the Indictment, the files and records of this case and on such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

Dated: August 1, 2011                    Respectfully submitted:


                                         GIBSON, DUNN & CRUTCHER LLP
                                         By:    _s/Nicola T. Hanna_____
                                                Nicola T. Hanna
                                         Attorneys for Defendant STUART CARSON


                                         SIDLEY AUSTIN LLP
                                         By:    _s/Kimberly A. Dunne_____
                                                Kimberly A. Dunne
                                         Attorneys for Defendant HONG CARSON


                                         BIENERT, MILLER & KATZMAN, PLC
                                         By:    _s/Kenneth M. Miller_____
                                                Kenneth M. Miller
                                         Attorneys for Defendant PAUL COSGROVE


                                         LAW OFFICES OF DAVID W. WIECHERT
                                         By:    _s/David W. Wiechert_____

                                              2

David W. Wiechert

Attorneys for Defendant DAVID EDMONDS

# **TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................................... 1

II.     ARGUMENT ............................................................................................... 2

   A.    THE GOVERNMENT FAILED TO PRESENT *ANY* FACTS TO THE GRAND JURY THAT
EMPLOYEES OF THE RELEVANT STATE-OWNED COMPANIES ARE FCPA "FOREIGN
OFFICIALS" IN VIOLATION OF DEFENDANTS FIFTH AMENDMENT RIGHTS TO INDICTMENT
BY A GRAND JURY ....................................................................................... 2

   B.    THERE IS A PARTICULARIZED NEED TO DISCLOSE THE GRAND JURY TRANSCRIPT
WHEN THE GOVERNMENT NOT ONLY FAILED TO PRESENT EVIDENCE ON THE "FOREIGN
OFFICIAL" ELEMENT BUT ALSO FAILED TO EITHER INSTRUCT THE GRAND JURY ON THAT
ELEMENT OR MISINSTRUCTED THE GRAND JURY ON THE APPLICABLE LAW .................. 6

III.    CONCLUSION ............................................................................................ 9

i

# TABLE OF AUTHORITIES

CASES

*Costello v. United States*, 350 U.S. 359 (1956) ....................................................5, 6, 9

*Russell v. United States*, 369 U.S. 749 (1962) ........................................................3, 4, 6

*United States v. Calandra*, 414 U.S. 338 (1974) ........................................................5, 6

*United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999)................................................2, 3

*United States v. Goldstein*, 502 F.2d 526 (3d Cir. 1974)..................................................3

*United States v. Keith*, 605 F.2d 462 (9th Cir. 1979) ....................................................3, 4

*United States v. Peralta*, 763 F. Supp. 14 (S.D.N.Y. 1991) ...........................................8, 9

*United States v. Rosi*, 27 F.3d 409 (9th Cir. 1994)............................................................4

*United States v. Stevens*, No. RWT 10CR0694, 2011 WL 1033707 (D. Md. March 23, 2011) ........................................................................................................................8, 9

STATUTES

Federal Rule of Criminal Procedure Rule 6..................................................................1, 2, 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

An important purpose of the Fifth Amendment right to indictment by a grand jury is to shield a citizen from unfounded charges where probable cause is lacking on any element of a proposed offense.  The government has multiple roles before the grand jury including calling and questioning witnesses, presenting evidence, explaining the law, summarizing the evidence and requesting an indictment.  However, when the government fails to present the grand jury with *any* facts to find probable cause for an essential element of an offense and fails to instruct the grand jury altogether on that element, or misinstructs the grand jury on that element, the proper function of the grand jury process has been impaired.

Federal Rule of Criminal Procedure Rule 6 ("Rule 6") permits the disclosure of grand jury proceedings upon a showing of "particularized need."  Defendants are not challenging the quality of the evidence presented to the grand jury.  Rather, throughout the proceedings in this case, it has become evident that the government failed to present to the grand jury *any* evidence regarding the nature and characteristics of the state-owned companies whose employees allegedly received, or were intended to receive, the alleged corrupt payments.  The status of these employees as FCPA "foreign officials" is a key element of the substantive FCPA counts, as well as the conspiracy count.  It is also evident that the government either failed to instruct, or misinstructed the grand jury on the "foreign official" element of the FCPA.  Regardless of which instructional error occurred, that error, in combination with the government failing to present *any* facts to the grand jury on the "foreign official" element of the FCPA has essentially removed the probable cause determination for that element from the grand jury.  Because there is *prima facie* evidence that the government has violated the grand jury process, the Court is authorized to disclose the grand jury transcript to the defense or in the alternative the Court should conduct an *in camera* review of the transcript to assess whether potential infirmities exist.

1

## II.   ARGUMENT

The government's opposition ignores the Fifth Amendment right to indictment by a grand jury and the requirement that a defendant be convicted only on charges considered and found by a grand jury.  It further fails to address the Supreme Court and Ninth Circuit case law requiring a grand jury be presented with a basis of facts to find probable cause for each element of the offense.  As a red herring, the government spends the majority of its brief trying to make the issue one of "prosecutorial misconduct."  This is not a "prosecutorial misconduct" case – nor does it have to be.  Rather, the issue before this Court is whether Defendants have shown a "particularized need" for disclosure of the grand jury transcript under Rule 6(e).  It is apparent that the government failed to present *any* facts to the grand jury regarding the companies specified in the FCPA counts so that the grand jury could evaluate the status of their employees as "foreign officials."  It is also obvious that either the government failed to provide the grand jury with any instructions regarding the assessment of a state-owned company as an FCPA "instrumentality," the most likely scenario as these instructions would be meaningless without evidence for the grand jury to consider, or, alternatively, the government misinstructed the grand jury that, as a matter of law, the companies named in the FCPA counts were "instrumentalities" and therefore their employees were "foreign officials."  Under either scenario, Defendants have established a "particularized need" for disclosure of the grand jury transcript.

   **A.   The Government Failed To Present *Any* Facts To The Grand Jury That Employees Of The Relevant State-Owned Companies Are FCPA "Foreign Officials" In Violation Of Defendants Fifth Amendment Rights To Indictment By A Grand Jury**

Defendants have substantiated improprieties in the grand jury proceedings that establish a "particularized need" for disclosure of the transcript.  Particularly, the material is needed to properly assess the Fifth Amendment violation of Defendants' right to indictment by a grand jury.  The Fifth Amendment "requires that a defendant be convicted only on charges *considered* and *found* by a grand jury."  *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (emphasis added).  A "very important aspect of the indictment

2

process . . . is the duty of the grand jury to shield a citizen from unfounded charges and to require him to appear in court in defense, *only if probable cause has been found by the independent body*." *United States v. Goldstein*, 502 F.2d 526, 529 (3d Cir. 1974) (emphasis added).

The Ninth Circuit, relying on Supreme Court authority, recognizes the importance of this constitutional requirement and has found that a [defendant] cannot be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (citing *Russell v. United States*, 369 U.S. 749, 770 (1962)). In *United States v. Keith*, the Ninth Circuit dismissed the indictment and reversed Keith's conviction where the indictment failed to allege two necessary elements of the offense. 605 F.2d at 464. Citing the Supreme Court's decision in *Russell v. United States*, the Ninth Circuit stated:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. ***For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.***

*Id.* (citing *Russell*, 369 U.S. at 770) (emphasis added).

Similarly, the Ninth Circuit in *United States v. Du Bo*, reversed the conviction where the indictment failed to ensure that Du Bo was prosecuted only "on the basis of the facts presented to the grand jury …." 186 F.3d at 1179 (quoting *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994)).

The government conveniently fails to address the *Keith* decision and drops a footnote alleging *Russell* is not applicable. Government's Opposition to Defendants' Motion for Disclosure of Grand Jury Transcript, or, In the Alternative, for In Camera Review (hereinafter referred to as "Government's Opposition") at 23, n.7 (Doc. No. 389). It does briefly address *Du Bo*, arguing it is distinguishable because here there is no

3

1   allegation that the Indictment is missing a necessary element.  *Id.* at 23.  Although for

2   purposes of this motion Defendants are not alleging the Indictment fails to state an

3   element of the FCPA offenses, the Fifth Amendment still requires the grand jury to rely

4   on some basis of facts to support its finding of probable cause for each element of the

5   offense.  The Supreme Court and the Ninth Circuit clearly were concerned that the grand

6   jury be presented with some basis of facts to support an indictment.

7       Here, the record is overwhelming that the government failed to present material

8   evidence to the grand jury to establish that the state-owned companies supporting the

9   FCPA counts are "instrumentalities."  The government's opposition does not contest that

10   it did not present any evidence to the grand jury on the "foreign official" element stating,

11   "even if the Court *assumes* the defendants' theories about what may have happened before

12   the grand jury are correct ...." and "defendants' speculation about the government's

13   presentation to the grand jury, *even if accurate* ...."  Government's Opposition at 10, 19

14   (emphasis added).  Special Agent Brian Smith acknowledged that he gathered information

15   on these foreign entities in preparation for opposing Defendants' Motion to Dismiss

16   Counts One Through Ten of the Indictment (hereinafter referred to as "Defendants'

17   Motion to Dismiss") (Doc. No. 317).  *See* Smith Declaration, ¶¶ 2, 13-55 (Doc. No. 334).

18       Further, in responding to the Court's inquiry at the May 9, 2011 hearing on the

19   Defendants' Motion to Dismiss, regarding what facts the government will present to the

20   jury with respect to the state-owned companies, AUSA Douglas McCormick implicitly

21   conceded that the government did not present any facts to the grand jury pertinent to the

22   "instrumentality" question:

23       Obviously the prospect of litigation on this issue is something we only really

24       learned about with the filing of [the] motion in February, that the defendants

25       were going to contend that the fact that these state-owned entries [sic] was

26       not sufficient instrumentalities under the Act.

27   Reporter's Transcript of Proceedings, May 9, 2011 at 75, lns. 9-13 (hereinafter referred to

28   as "Rep. Tr.").  Clearly the government did not present facts to the grand jury on an issue

4

1    it conceded it did not anticipate having to prove at trial and that the case agent researched

2    almost two years post-indictment.  Thus, there was no basis of facts for the grand jury to

3    find probable cause that the alleged intended recipients of benefits were FCPA "foreign

4    officials."

5         The government relies on *United States v. Calandra*, 414 U.S. 338 (1974) and

6    *Costello v. United States*, 350 U.S. 359 (1956) to argue that Defendants may not attack the

7    sufficiency of the evidence presented to the grand jury.  In both cases the Supreme Court

8    considered the *type of evidence* presentable to a grand jury rather than a case such as this

9    where *no evidence* was offered.

10        The issue in *Calandra* was whether a witness summoned before a grand jury may

11   refuse to answer questions on the ground that the questions are based on evidence

12   obtained from an unlawful search and seizure.  414 U.S. at 339.  The Supreme Court

13   noted that the role of the grand jury includes an important investigatory function and "[i]t

14   is only after the grand jury has examined the evidence that a determination of whether the

15   proceeding will result in an indictment can be made[.]"  *Id.* at 344.  Weighing these

16   important functions with the purpose behind the exclusionary rule – to deter future

17   unlawful police conduct, the Supreme Court held that a witness who has been granted

18   transactional immunity may be compelled to answer questions based on illegally obtained

19   evidence before the grand jury.  *Id.* at 341-54.

20        In *Costello*, the issue before the Supreme Court was whether an indictment based

21   solely on hearsay evidence is sufficient to satisfy the requirements of the Fifth

22   Amendment guarantee that "[n]o person shall be held to answer for a capital or otherwise

23   infamous crime, unless on a presentment or indictment of a Grand Jury."  350 U.S. at 361.

24   The Supreme Court stated that "neither the Fifth Amendment nor any other constitutional

25   provision prescribes the *kind of evidence* upon which grand juries must act."  *Id.* at 362

26   (emphasis added).  The Supreme Court accordingly held that "inadequate or incompetent

27   evidence", *i.e.* "hearsay evidence" does not violate the requirements of the Fifth

28   Amendment.  *Id.* at 363.  The *Costello* court did not hold that *no evidence* presented to a

1   grand jury is not a violation of the Fifth Amendment.  Justice Burton in the concurring

2   opinion agreed the indictment should be sustained under the circumstances, but stated "if

3   it appeared that *no evidence had been offered that rationally established the facts*, the

4   indictment ought to be quashed[.]  *Id.* at 365 (Burton, J., concurring) (emphasis added).

5   This is consistent with the Supreme Court's concern seven years later in *Russell* that a

6   defendant not be convicted on a basis of facts not found by, and perhaps not even

7   presented to, the grand jury which indicted him.  *Russell*, 369 U.S. at 770.

8        The government's contention that a court must condone a grand jury's decision to

9   indict despite a dearth of evidence of an important underpinning of multiple FCPA counts

10  is offensive to Fifth Amendment principles.  Despite the roadblock of Rule 6(e) secrecy,

11  Defendants have made out a *prima facie* case that the grand jury acted without material

12  evidence on a key issue in this litigation, the status of the alleged intended recipients of

13  payments as FCPA "foreign officials."  Thus, Defendants have shown a "particularized

14  need" for the grand jury transcript in order to ferret out the Fifth Amendment violation for

15  a motion to dismiss.

16       **B.    There Is A Particularized Need To Disclose The Grand Jury Transcript
                 When The Government Not Only Failed To Present Evidence On The
17               "Foreign Official" Element But Also Failed to Either Instruct The
                 Grand Jury On That Element Or Misinstructed The Grand Jury On
18               The Applicable Law**

19       The record and logic persuasively show that either the government: 1) failed to

20  instruct the grand jury altogether on whether the foreign entities implicated in the FCPA

21  counts are instrumentalities rendering their employees FCPA "foreign officials," or 2) the

22  government misinstructed the grand jury on the applicable law.  Either scenario requires

23  disclosure of the grand jury transcript so Defendants can assess the merits of a motion to

24  dismiss.

25       At the May 9, 2011 hearing on Defendants' Motion to Dismiss, Defendants

26  repeatedly invited the government to define "instrumentality."  The government passed on

27  the invitation.  Rep. Tr. at 57, lns. 5-9; Rep. Tr. at 62, lns. 12-15; Rep. Tr. at 67, lns. 21-

28

                                              6

24; Rep. Tr. 68, lns. 12-17.  Had the government instructed the grand jury on what an instrumentality is, presumably it readily would have provided its definition to the defense and the Court.  Nevertheless, it is very likely that not only did the grand jury not hear *any* evidence on the "foreign official" element, but further they did not receive any instructions on that element.

Furthermore, if the government did provide an instruction to the grand jury on the "foreign official" element, it likely instructed the grand jury that as a matter of law state-owned companies are FCPA "instrumentalities" and therefore employees of state-owned companies are "foreign officials."  Had the government presented the issue as a fact-sensitive determination based on a multivariate set of factors, the grand jury certainly would have requested information concerning those factors and the FBI's research in this area would not have commenced a few months ago.  In fact, the government's opposition floats the assumption that it instructed the grand jury that state-owned enterprises are "instrumentalities" as a matter of law.  *See* Government's Opposition at 22.  This Court has concluded that whatever test is appropriate to decide whether state-owned companies are instrumentalities, this is a question of fact.  The government most likely took the determination of a question essential to a finding of probable cause out of the hands of the grand jury.  Such conduct clearly infringed on Defendants' Fifth Amendment rights.

When a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment may be dismissed if the misstatement causes "grave doubt that the decision to indict was free from the substantial influence" of the erroneous instruction.  *United States v. Stevens*, No. RWT 10CR0694, 2011 WL 1033707, at *10 (D. Md. March 23, 2011) (quoting *United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991)).  In *United States v. Stevens*, the government told the grand jury that the advice of counsel defense was not applicable until after the defendant was charged.  2011 WL 1033707, at *7.  The court held that this was a serious misstatement of the applicable law and that the grand jury should have been instructed on the advice of counsel defense in order to determine whether it negated the element of wrongful intent for the crime

7

charged.  *Id.* at *9-10.  Moreover, the *Stevens* court noted that prosecutorial misconduct is ***not*** required to dismiss the indictment when the government misinstructs the grand jury on the applicable law.  *See Stevens*, 2011 WL 1033707, at *12 (dismissal of the indictment without prejudice when the misstatement of law did not rise to the level of prosecutorial misconduct).

In *United States v. Peralta*, the prosecutor misinstructed the grand jury regarding the elements of constructive possession.  763 F. Supp. at 19-21.  Specifically, the prosecutor "failed to instruct the grand jury that it had to find probable cause that the defendants "*knowingly* [had] the power and *the intention* … to exercise dominion and control" over the firearm and the drugs.  *Id.* at 19.  Although the prosecutor instructed the grand jury on "dominion and control" it failed to mention the elements of knowledge and intent as they apply to constructive possession.  *Id.*  The court dismissed the indictment, holding that the misleading statements of law as to the elements of constructive possession left "grave doubt that the decisions to indict was free from the substantial influence" of the prosecutor's erroneous instructions.  *Id.* at 21.

The government cites a number of cases asserting that it is not obligated to provide legal instructions to the grand jury and further argues that even if it did give an incorrect instruction that is not grounds for dismissal of the Indictment.  *See* Government's Opposition at 13-16.  The government overstates its premise because the cases cited in its opposition all rely on *Costello* or on cases that rely on *Costello*.  However, the issue in *Costello* was not whether the grand jury was given proper legal instructions, but rather whether the grand jury may consider incompetent "hearsay" evidence.  Contrary to the government's assertions, misinstructing the grand jury on the applicable law may be grounds for dismissal of the indictment.

Similar to *Stevens* and *Peralta*, if the government misinstructed the grand jury that the employees of state-owned companies are "foreign officials" as a matter of law, then the government misled the grand jury to believe they did not have to find any facts to support that element.  This causes grave doubt that the grand jury's decision to indict was

8

free from the substantial influence of the erroneous instruction.  Without *any* facts before the grand jury and without knowing the correct legal test to determine whether a state-owned company qualifies as an "instrumentality," the grand jury had to rely on the government's misstatement of law to indict Defendants.  For all intents and purposes, the prosecution became the grand jury on the critical "foreign official" question.  This is exactly what the drafters of the Bill of Rights wanted to avoid when promulgating the Fifth Amendment.

In sum, regardless of whether the government failed to instruct the grand jury on the "foreign official" element, or misinstructed them that employees of state-owned companies are "foreign officials" as a matter of law, the grand jury would not have been able to make a proper finding of probable cause for the "foreign official" element of an FCPA violation.  Thus, a "particularized need" exists for disclosure of the grand jury transcript.

## III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court disclose the grand jury transcript in order to ensure that their Fifth Amendment right to a proper finding of probable cause on all necessary elements of the FCPA offenses has been fulfilled.  In the alternative, Defendants respectfully request that the Court review the grand jury transcript *in camera* to confirm the patently obvious, that the government failed to present the grand jury with facts to decide whether state-owned companies are instrumentalities, and that the government failed to instruct, or misinstructed the grand jury on the applicable law for this essential element.

Dated:  August 1, 2011

Respectfully submitted:

GIBSON, DUNN & CRUTCHER LLP

By:   *s/Nicola T. Hanna*
      Nicola T. Hanna

9

Attorneys for Defendant STUART CARSON

SIDLEY AUSTIN LLP

By:    s/Kimberly A. Dunne
       Kimberly A. Dunne

Attorneys for Defendant HONG CARSON

BIENERT, MILLER & KATZMAN, PLC

By:    s/Kenneth M. Miller
       Kenneth M. Miller.

Attorneys for Defendant PAUL COSGROVE
LAW OFFICES OF DAVID W. WIECHERT

By:    s/David W. Wiechert
       David W. Wiechert

Attorneys for Defendant DAVID EDMONDS

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 115 Avenida Miramar, San Clemente, CA 92672.

On August 1, 2011, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPT OR, IN THE ALTERNATIVE, FOR IN CAMERA REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed and sent as follows:

[  ]  **BY MAIL:**  I caused such envelope(s) to be deposited in the mail at San Clemente, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ x ]  **BY E-MAIL:**  I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

[  ]  **BY FAX** I caused a courtesy copy to be transmitted by fax to the fax number of the offices of the addressee(s) as indicated on the attached service list.

[  ]  **BY PERSONAL SERVICE:**  I caused such envelope to be hand-delivered to the offices of the addressee(s) as indicated on the attached service list.

[ x ]  **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on August 1, 2011 at Rocklin, California.

                                        *s/Laura Prince*____
                                        Laura Prince

11

## SERVICE LIST

| | |
|---|---|
| AUSA Douglas F. McCormick,<br>Doug.McCormick@usdoj.gov<br>Hank Bond Walther, Esq.<br>Hank.Walther@usdoj.gov<br>Andrew Gentin, Esq.<br>Andrew.Gentin@usdoj.gov | Attorneys for Plaintiff<br>United States of America |
| Kimberly A. Dunne, Esq.<br>KDunne@sidley.com<br>Andrew Dunbar, Esq.<br>ADunbar@sidley.com<br>Alexis Miller, Esq.<br>Alexis.Miller@sidley.com | Attorneys for Defendant<br>Rose Carson |
| Nick Hanna, Esq.<br>NHanna@gibsondunn.com<br>Eric Raines, Esq.<br>ERaines@gibsondunn.com<br>David Burns, Esq.<br>DBurns@gibsondunn.com | Attorneys for Defendant<br>Stuart Carson |
| Thomas Bienert, Esq.<br>TBienert@bmkattorneys.com<br>Teresa Alarcon, Esq.<br>Talarcon@bmkattorneys.com<br>Ken Miller, Esq.<br>Kmiller@bmkattorneys.com | Attorneys for Defendant<br>Paul Cosgrove |
| Brian M. Heberlig, Esq.<br>bheberlig@steptoe.com<br>Patrick M. Norton, Esq.<br>pnorton@steptoe.com<br>Christian A. Jordan, Esq.<br>cjordan@steptoe.com | Attorneys for Control<br>Components, Inc. |