UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 09-00077 JVS | Date: February 16, 2012 |

Present: The Honorable    James V. Selna

Interpreter    NOT PRESENT

| Karla Tunis | NOT PRESENT | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| **1. Stuart Carson** | NOT | | X | **Nicola T. Hanna / Joshua Jessen** | NOT | | X |
| **2. Hong Carson** | NOT | | X | **Kimberly Dunne / Kim Buese** | NOT | | X |
| **3. Paul Cosgrove** | NOT | | X | **Kenneth Miller / Tom Bienert** | NOT | | X |
| **4. David Edmonds** | NOT | | X | **David W. Weichert** | NOT | | X |

**Proceedings:**    (IN CHAMBERS)    Order re Select Jury Instructions

Following the Court's denial of the Motion of Stuart Carson *et al.* ("defendants") to dismiss the counts in the Indictment dealing with the Foreign Corrupt Practices Act ("Act") (Docket No. 373), it became clear that it would be of assistance to the parties to take up in advance of trial jury instructions dealing with the Act's definition of "instrumentality" and the concepts underlying scienter. Each side has submitted four instructions along with commentary and objections. (See Docket Nos. 382 (Government's proposal); 426 (Government's objections); 383, 384 (defendants' proposals); 425, 428 (defendants' objections).)

The Court has had the benefit of the jury instructions recently given by Judge A. Howard Matz in a similar prosecution, United States v. Aguilar, Central District of California, Case No. CR 10-1031, Docket No. 511(Aguilar Instructions), and his thoughtful Memorandum discussing the definition of "instrumentality," id., Docket No. 474.

At the hearing on September 6, 2011, the Court raised the question whether the knowledge requirement discussed below (Section IV) requires that the defendant be aware that the individual whom he attempts to influence in violation of the Act is in fact a foreign official. (Tr. Sept. 6, 2011, pp. 59-60.) The parties have submitted supplemental briefs on the question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

(Docket Nos. 443, 447), which have led to consideration of the basic elements of a violation of the Act. Thus, in dealing with knowledge, the Court adopts a fuller instruction concerning the elements of the crime.

The instructions adopted below are obviously subject to modification in light of the evidence received at trial and any intervening changes in the law.[1]

I. <u>Foreign Official and Instrumentality.</u>

As an initial matter, the Court declines to adopt the first paragraph of defendants' proposed a preamble to the definitions of "foreign official" and "instrumentality" because it instructs on what the Act does <u>not</u> criminalize, and it thus unnecessary. (<u>See</u> Docket No. 384, Defendants' Proposed Jury Instruction Regarding "Foreign Official" and "Instrumentality" ["Instrumentality Memo"], Ex. A, p. 1.)

A. <u>Foreign Official.</u>

The parties' proposals are nearly identical with the exception that the defendants have dropped the statutory reference to a "public international organization." Inasmuch as no public international organization is involved here, the Court adopts the defendants' proposal with minor modification:

> The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.

B. <u>Instrumentality.</u>

Because the issues have already been thoroughly considered, the Court declines to

---

[1] By way of example, the Government's list of factors for determining whether an entity is an "instrumentality" may be too narrow or include factors not relevant in light of the evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

revisit arguments and theories previously advanced by the defendants on their Motion to dismiss the counts under the Act (e.g., the *noscitur a sociis* canon of construction; the constraints on the meaning of "instrumentality" in light of other statutory terms such as "department" or "agency"). (See Docket No. 373, passim.)

The Court adopts the Government's proposed instruction with several modifications. The Court does so because the defendants' proposal slants the analysis in several respects, and their requirement for certain mandatory elements is contrary to a fact-based finding in light of the totality of the circumstances. Most fundamentally, the Court disagrees with the defendants' insertion of "business enterprise" into the instruction. "Instrumentality" is a broader term than "business enterprise." Similarly, the defendants assert that the entity must be "part of the foreign government itself." At a minimum, this begs the question of the nature of an "instrumentality," and possibly demands the jury to find that the entity is within the formal structure of the foreign government. The Court has previously explained why the case law advanced in support of this theory is unpersuasive. (Docket No. 373, p. 10 n. 9.) Finally, the exclusion of a subsidiary of a state-owned company "as a mere subsidiary" lacks any logic as long as the indicia of a government "instrumentality" are present; a foreign government's choice of structure ought not dictate the conclusion.

The Court turns to defendants' proposed mandatory elements. The discussion below reflects a fundamental difference in approach from the bright-line rules the defendants advance.

First, the defendants would require that an "instrumentality" be majority-owned by the foreign government, and that such ownership be direct. Dole Food Co. v. Patrickson, 538 U.S. 468, 477 (2003), does not support such a requirement.[2] The Supreme Court was dealing with a different statute, the Foreign Sovereign Immunities Act ("FSIA"), which contains a statutory requirement of more than 50 percent ownership if the entity is not a formal part of the Government. 28 U.S.C. § 1603(b)(2). There is no such statutory requirement in the Act. Similarly, the defendants' citation to other parts of the Act dealing with issuers' accounting and records obligations sheds no light on what constitutes an "instrumentality" subject to the Act. (Instrumentality Memo, p. 11, citing 15 U.S.C. § 78m(b)(6).)

Second, the defendants would require that the foreign government "control" certain

---

[2] See Instrumentality Memo, p. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

aspects of the entity.  There is no absolute basis for such a requirement, and the defendants' discussion of FSIA and the Federal Torts Claims Act does not support their segue comment that "[i]t is similarly important that the concept of control extend to the involvement of the government" of certain activities–at least to the extent that the defendants advance a mandatory requirement.[3]  As illustrated below, government control is a factor, but not an independently dispositive one.  (Id., pp. 15-16.)

      Third, the defendants would require that the entity exist for the "sole and exclusive purpose of performing a public function traditionally carried out by" the foreign government.  Here, again, defendants rely on the FSIA and case law under that statute.  (Id., pp. 14-15.)  The restriction to traditional public functions artificially removes from the hands of a foreign government–and the scope of the Act–the government's actual determination of what functions it believes the entity should perform on behalf of the government.  What one government might consider folly, another might consider a valuable function.[4]

      Fourth, the defendants would require that the employees of the entity be considered public employees or civil servants.  The Court agrees that this is a factor, but not a *per se* determinative one.

      The Court declines to adopt the bright-line approach which turns on a mandatory set of criteria advanced by the defendants.  The following hypothetical illustrates the pitfalls in the defendants' approach.

      Suppose the entity in question is only 45% owned by the foreign government.  But further suppose that entity was created by the national legislative body; that in order to give the populace a sense of participating in the important governmental undertaking, the legislative

---

[3] The defendants' discussion of Dole Food is somewhat anomalous because the Supreme Court held that under the FSIA control was not the determinative factor.  (538 U.S. at 477).

[4] Assume that a hypothetical Central Asian nation and its society greatly revere elephants, and that the government has set up a wholly-owned corporation for the preservation of elephants and burnishing the reputation of elephants in the public media, including erecting artistic banners of elephants along the highways.  That would not appear to be a traditional government function in most of the Western world, but the entity could well be an "instrumentality."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

body provided for a class of preferred stock holders who may be individuals or corporations; that a majority of the board of directors are individuals who are appointed by the equivalent of a cabinet secretary; and that the annual budget is subject to review by the same cabinet member. Defendants' bright-line rule on ownership would put the entity outside the ambit of "instrumentality." Such a result is not logical or reasonable, nor compelled as a matter of law. The Court could elaborate with other hypotheticals going to other bright-line factors advanced by the defendants, but the ownership hypothetical is sufficient to prove the point.

The Government's proposed instruction is in keeping with the Court's determination that whether an entity is an "instrumentality" under the Act is a fact-based inquiry. (Docket No. 373, p. 13.)

> An instrumentality of a foreign government is any entity through which a foreign government achieves a governmental end or purpose, and can include state-owned entities. In determining whether an entity is an instrumentality of a foreign government, you should consider the following, none of which is exclusive:
>
> (1) the circumstances surrounding the entity's creation;
>
> (2) the foreign government's characterization of the entity, and whether the entity is widely perceived and understood to be performing official (i.e., governmental) functions;
>
> (3) whether the governmental end or purpose sought to be achieved is expressed in the policies of the foreign government;[5]
>
> (4) the degree of the foreign government's control over the entity, including the foreign government's power to appoint key directors or officers of the entity;

---

[5] In its formulation of the instruction in its tentative, the Court had included this concept in the preamble to the list of factors. The Court agrees with the Government that this should be expressed as a factor rather than a threshold requirement. (See Tr. Sept. 6, 2011, pp. 30-31.)

  (5) the purpose of the entity's activities, including whether the entity provides a service to the citizens of the jurisdiction;

  (6) the entity's obligations and privileges under the foreign country's law, including whether the entity exercises exclusive or controlling power to administer its designated functions;

  (7) the status of employees under the foreign government's law, including whether the employees are considered public employees or civil servants.

  (8) the extent of the foreign government's ownership of the entity, including the level of financial support by the foreign government (<u>e.g.</u>, subsidies, special tax treatment, and loans);

  These factors are not exclusive, and no single factor is dispositive. In addition, in order to conclude that an entity is an instrumentality of a foreign government, you need not find that all of the factors listed above weigh in favor of such a determination.

  With respect to the factors in the Government's instruction, there is no basis to instruct that the jury must find that each factor is present. Indeed, the Court took the contrary view in denying the defendants' Motion to Dismiss the counts under the Act. (Docket No. 373, p. 5.)

  The Court acknowledges that the Court in <u>Aguilar</u> did not adopt a detailed definition of "instrumentality," but that Court was dealing with a single entity, created by the Mexican constitution, carrying out what is generally regarded as a function clearly within the municipal functions regularly performed by government. The Court gave an instruction tailored to the particulars of the Mexican entity. (<u>Aguilar</u> Instruction No. 32.) The factual landscape is far more varied here; thus the need for additional fact-based guidance for the jury.

  The Court cannot agree that the Government's approach amounts to a "vague, amorphous standardless instruction." (Defendants' Objections, p. 6.) Rule 29(a) of the Federal Rules of Criminal Procedure is at least a partial answer to the defendants' concerns. If the

totality of the evidence at trial with respect to an entity is insufficient to support a reasonable jury verdict that an entity is an "instrumentality" beyond a reasonable doubt, the Court has a duty to direct a verdict in favor of the defendants with respect to that entity.[6] Plainly, that is a determination that cannot be made until the evidence is concluded.

II. Corruptly.

The instructions offered by the Government and the defendants are substantially the same, and the Court adopts the defendants' version:

> An act is done "corruptly" if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means. The term "corruptly" in the Foreign Corrupt Practices Act is intended to mean that the offer, payment, or promise was intended to induce the foreign official to misuse an official position.

While the Government does not object to the defendants' modifications (Government's Objections, p. 11), the Court is not certain that the "recipient" must be defined as a "foreign official" given the balance of the instructions. The Court nevertheless adopts the defendants' version.

III. Willfully.

The Court adopts the Government's proposed instruction:

> An act is done "willfully" if it is done deliberately and with the intent to do something that the law forbids, that is, with a bad purpose to disobey or disregard

---

[6] This view is certainly consistent with Chief Judge Kozinski's remarks in his concurrence in United States v. Goyal, 629 F.3d 912, 922 (9th Cir. 2010) ("The government shouldn't have brought charges unless it had clear evidence of wrongdoing, and the trial judge should have dismissed the case when the prosecution rested and it was clear the evidence could not support a conviction.").

the law. A person need not be aware of the specific law and rule that his or her conduct may be violating, but the person must have acted with the intent to do something that the law forbids.

The Court finds that in the context of the Act, knowledge that the conduct is unlawful specifically under the Act is not required. The instruction is consistent with the first two levels of interpretation recognized in United States v. Kay, 513 F.3d 432, 448 (5th Cir. 2007). The Act does not require the third and strictest level:

> The strictest level of interpretation of criminal willfulness requires that the defendant knew the terms of the statute and that he was violating the statute. The courts have reserved this category to limited types of statutory violations involving "complex" statutes-namely those governing federal tax law and antistructuring transactions.

Id.; accord Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 327 F.3d 173, 181 (2d Cir. 2003) ("Knowledge by a defendant that it is violating the FCPA-that it is committing all the elements of an FCPA violation-is not itself an element of the FCPA crime."). The cases cited by the defendants deal with different statutes. E.g., United States v. Fields, 500 F.3d 1327, 1329 (11th Cir. 2007) (Child Support Recovery Act). The Supreme Court's statements in Safeco Ins. Co. Of America v. Burr, 551 U.S. 47, 58 n.9 (2007), only amounts to *dicta* in a civil case. In any event, at oral argument, defendants clarified that they were not seeking the third-level standard. (Tr. Sept. 6, 2011, p. 48.)

The Court finds no basis to qualify the term "the law forbids" with reference to the law of the United States. The Aguilar court did not adopt this qualifier.[7] (Aguilar Instruction No. 31.)

IV. Knowledge.

---

[7] The Court does not believe the fact that defendant Hong Carson was not a citizen prior to 2003 compels inclusion of the language, but the Court is willing to revisit the issue based on the evidence at trial. (See Tr. Sept. 26, 2011, pp. 50-51.)

The Court discusses the element of knowledge and then in the context of the elements of the crime the requirement of knowledge with respect to the status of the person sought to be influenced in violation of the Act.

A. <u>Knowledge.</u>

With certain modifications for clarity, the Court adopts the Government's proposed instruction:

> For the purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (1) the person is aware that the person is engaging in the conduct, that the circumstance exists, or that the result is substantially certain to occur, or (2) the person has a firm belief that such circumstance exists or that such result is substantially certain to occur. Knowledge is established if a person is aware of a high probability of the existence of a circumstance. An act is not done with knowledge if the person actually believes that such circumstance does not exist.

The Court finds the fact that the Act provides a statutory definition of "knowledge" is highly instructive.

Although the concept of ignorance, mistake or accident appear in the Ninth Circuit model instruction (Ninth Circuit Model Jury Instructions–Criminal, No. 5.6 (2010)), the Court sees no reason to add this gloss to the statutory definition. Moreover, depending on the evidence, it might be appropriate for a defendant to argue that he or she actually did not believe that a circumstance did not exist because of a mistake, ignorance or a comparable circumstance. The Court also finds no basis to insert the term "subjective" into the statutory knowledge requirement.

The Court does not find helpful the Supreme Court's discussion of deliberate ignorance in <u>Global-Tech Appliances, Inc. v. SEB S. A.</u>, 563 U.S. __, 131 S. Ct. 2060, 2069-70 (2010). The case is a civil case dealing with patent law. Moreover, the court was not dealing with an underlying statutory definition of "knowledge." The Court finds no basis to inject a required link between proof of a high probability with knowing disregard. In <u>United States v. Kozeny</u>, 643 F. Supp. 2d 415, 419 (S.D. N.Y. 2009), the Government took on the burden to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

establish that link: "the Government has demonstrated that it will be able to establish a factual predicate for a conscious avoidance charge." The Court does not believe it was required.

Finally, the instruction in <u>Aguilar</u> is comparable in substance to the knowledge instruction adopted here. (<u>Aguilar</u> Instruction No. 31.)

B. <u>Knowledge of Status of Foreign Official.</u>

At the September 6, 2011 hearing, the Court posed the question whether a defendant must know that the individual he or she is attempting to influence is in fact a foreign official. (Tr. Sept. 6, 2011, pp. 59-60.) The Government and the defendants have both responded in the affirmative. (<u>See</u> <u>id.</u>, pp. 40, 42-43; Docket No. 441, p. 2; Docket No. 443, pp. 3-4; Docket No. 447, p. 1.) Although the parties are not in wide disagreement on the basic elements of the crime, they have not been able to come to full agreement, and both have submitted competing instructions. The Court adopts the following:

> A defendant may be found guilty of violating the FCPA only if the government proves beyond a reasonable doubt all of the following elements:
>
> (1) The defendant is a domestic concern, or an officer, director, employee, or agent of a domestic concern, or a stockholder of a domestic concern who is acting on behalf of such domestic concern;
>
> (2) The defendant acted corruptly and willfully;
>
> (3) The defendant made use of the mails, wires, or any means or instrumentality of interstate commerce in furtherance of conduct that violates the FCPA;
>
> (4) The defendant offered, paid, promised to pay, or authorized the payment of money, or offered, gave, promised to give, or authorized the giving of anything of value <u>to a foreign official</u>;
>
> (5) The payment or gift at issue in element 4 was to (a) a person the defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

knew or believed was a foreign official or (b) any person and the defendant knew that all or a portion of such money or thing of value would be offered, given, or promised (directly or indirectly) to a person the defendant knew or believed to be a foreign official.  <u>Belief that an individual was a foreign official does not satisfy this element if the individual was not in fact a foreign official</u>.

(6)  The payment or gift at issue was intended for at least one of four purposes:

   a.  To influence any act or decision of a foreign official in his or her official capacity;

   b.  To induce a foreign official to do or omit to do any act in violation of that official's lawful duty;

   c.  To secure any improper advantage; or

   d.  To induce a foreign official to use his or her influence with a foreign government or department, agency, or instrumentality thereof to affect or influence any act or decision of such government, department, agency, or instrumentality; and

(7)  The payment or gift was intended to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

The parties' dispute is over elements 4 and 5.

The Court agrees with defendants' that the addition of the underscored[8] phrase "to a foreign official" in element 4 is helpful to dispel the notion that mere belief that an individual is a foreign official is sufficient.  The Court makes this explicit with the underscored sentence added to the parties' agreed first paragraph of element 5.

---

[8] The underscoring in the instruction is intended to facilitate the discussion here, and would not be included in the instruction as given to the jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

The Government proposes to add the following paragraph to element 5:

The government need not prove that the defendant knew the legal definition of "foreign official" under the FCPA or knew that the intended recipient of the payment or gift fell within the legal definition. The defendant need not know in what specific official capacity the intended recipient was acting, but the defendant must have known or believed that the intended recipient had authority to act in a certain manner as specified in element 6.

The Court does not believe that this language is necessary, and it is potentially confusing. As the defendants point out (Docket No. 447, p. 5), the willfulness instruction deals with the situation where a defendant is not aware of the specific rule or law he is violating. In addition, the reference to element 6 detracts from clarity.

V. Other Considerations.

Obviously, the jury's determinations must be made beyond a reasonable doubt. Here, the Court has not attempted to insert that requirement into every element discussed in this Order. The Court believes that such considerations should be deferred until the Court has a full set of instructions to determine whether multiple inclusion of the evidentiary standard is desirable or unnecessarily repetitive and thus not required to properly inform the jury.

00 : 00

Initials of Deputy Clerk   kjt